UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaSHAE C. BROOKS, individually
and as next friend of Z.B., a minor,

                Case No. 13-10701
 Plaintiff,            Hon. Lawrence P. Zatkoff

v.

OAKLAND UNIVERSITY, a public
university,

 Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on  November 26, 2013

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I.  INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss [dkt 9].  The parties have fully briefed the motion.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without oral argument.  For the following reasons, Defendant's Motion is GRANTED and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

### II. BACKGROUND

**A. FACTUAL BACKGROUND**

On or about February 27, 2010, LaShae Brooks contacted Defendant Oakland University's ("Defendant") housing office "to inquire about campus housing for herself and her minor child."  She

further alleges that the housing office informed her that "family housing was no longer available on campus." Instead, Defendant advised LaShae Brooks that she could be waitlisted in the event housing became available, but that she could not move in with her minor child. As of May 19, 2010, Defendant's dining and housing webpage allegedly stated: "University Housing is not currently accepting new leases for family housing for the 2010-2011 school year."

**B. PROCEDURAL BACKGROUND**

On February 19, 2013, LaShae Brooks, as next friend to Z.B. (her child), filed a complaint against Defendant, alleging the following claims: Familial Status Discrimination in violation of Fair Housing Act of 1968 (Count I); Familial Status and Age Discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act (Count II); and Negligence (Count III). On March 6, 2013, the Court dismissed Plaintiff's state law claims (Counts II and III).

Defendant's instant Motion seeks dismissal of Plaintiff's remaining claim.

### III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1) permits dismissal for "lack of jurisdiction over the subject matter." Lack of subject-matter jurisdiction may be asserted at any time, either in a pleading or in a motion. *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Ky.*, 381 F.3d 511, 516 (6th Cir. 2004). Here, Defendant's Motion presents a facial challenge to the Court's jurisdiction.

### IV. ANALYSIS

Defendant first argues that Plaintiff's Fair Housing Act claim is barred by the Eleventh Amendment to the United States Constitution, which provides: "The Judicial power of the United States

2

shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  While the Amendment is framed in terms of suits against a state by citizens of another state, the Supreme Court "has consistently held that an unconsenting [s]tate is immune from suits brought in federal courts by her own citizens as well as by citizens of another [s]tate." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). *See Florida Dep't of Health and Rehabilitative Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147 (1981) (holding that agencies of state government are part of the state for purposes of sovereign immunity).  The Sixth Circuit has held that a state university is a state agency for purposes of the Eleventh Amendment.  *See, e.g.*, *Martin v. Univ. of Louisville*, 541 F.2d 1171, 1174 (6th Cir. 1976).

Here, Plaintiff does not—and cannot—serious dispute that Defendant is a state university established under the Michigan Constitution and Michigan statutory law.  *See* Mich. Const. Art. 8, § 6; Mich. Comp. Laws § 390.151.  Thus under clear precedent within the Sixth Circuit, the Eleventh Amendment's protection of sovereign immunity applies to Defendant.  *See Martin*, 541 F.2d at 1174.  Moreover, Defendant has not consented to suits brought under the Fair Housing Act, nor does the Act abrogate Defendant's (*i.e.*, the State of Michigan's) sovereign immunity.  *See Morris v. Dehaan*, No. 90-2190, 1991 WL 177995, at *3 (6th Cir. Sept. 21 1991) (holding that "nothing in the Fair Housing Act . . . can be construed as a congressional abrogation of Michigan's Eleventh Amendment immunity").  As such, Plaintiff's Fair Housing Act claim against Defendant is barred by the Eleventh Amendment and must be dismissed.

In her response brief, Plaintiff attempts to avoid the bar of the Eleventh Amendment by arguing that she intends "to amend [her] [c]omplaint during the course of discovery when a determination is made as to individuals responsible for the elimination of all family housing at Oakland University and to then seek injunctive relief to restore . . . family housing."  In other words, Plaintiff desires to amend her

complaint to name individual university officials, acting in their individual capacities, as defendants. While the Eleventh Amendment would not preclude Plaintiff from pursuing injunctive relief against university officials sued in their individual capacities, *see Ex Parte Young*, 209 U.S. 123 (1908), Plaintiff's request to amend her complaint at some unknown, future date and against unknown individuals is not well-taken.  More than nine months have passed since Plaintiff commenced this case, and yet she failed to file (1) an amended complaint 21 days after Defendant filed its instant Motion to Dismiss or (2) a motion for leave to amend with an attached proposed amended complaint.  *See* Fed. R. Civ. P. 15(a). Accordingly, the Court decides Defendant's Motion based on the pleadings before it and, for the reasons discussed above, dismisses Plaintiff's complaint.[1]

## V. CONCLUSION

Accordingly, based on the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [dkt 9] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
Hon. Lawrence P. Zatkoff  
U.S. District Judge

Date:  November 26, 2013

---

[1] Defendant's Motion also argued that Plaintiff's Fair Housing Act claim was time-barred.  Because Plaintiff's claim is independently precluded by the Eleventh Amendment, the Court finds it unnecessary to address this argument.